# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JEFF CORBETT, et al., <br><br>       Plaintiff(s), <br><br> v. <br><br> PUBLIC EMPLOYEES' RETIREMENT SYSTEM, EX REL. STATE OF NEVADA, et al., <br><br>       Defendant(s). | Case No.: 2:20-cv-02149-KJD-NJK <br><br> **Order** <br><br> [Docket No. 10] |

Pending before the Court is a motion to stay discovery as it relates to Defendant PERS pending resolution of its motion to dismiss. Docket No. 10; *see also* Docket No. 9 (motion to dismiss). Defendant Las Vegas Metropolitan Police Department filed a notice of non-opposition. Docket No. 15; *see also* (notice of non-opposition as to motion to dismiss). Plaintiffs filed a response in opposition. Docket No. 17; *see also* Docket No. 16 (response in opposition to motion to dismiss). PERS filed a reply. Docket No. 19; *see also* Docket No. 18 (reply to motion to dismiss). The motion to stay discovery is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to stay discovery as to PERS is **GRANTED**.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery should proceed absent a "strong showing" to the contrary. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has

taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The Court is guided in its analysis by the objectives in Rule 1 to secure a just, speedy, and inexpensive determination of cases. *See Tradebay*, 278 F.R.D. at 602.

The Court is satisfied that a stay of discovery as to PERS is appropriate in this case. As to the first requirement, the motion to dismiss is potentially dispositive of the claims against PERS and the motion to stay discovery is limited in scope to those claims. *Cf. id.* (the "pending motion must be potentially dispositive of the entire case or at least dispositive on the issue on which discovery is sought").[1] As to the second requirement, the Court agrees with PERS that the motion to dismiss for failure to state a claim can be decided without discovery. As to the third requirement, the undersigned's evaluation of the motion to dismiss reveals that it is sufficiently meritorious to justify a stay of discovery.[2]

Accordingly, the motion to stay discovery as to Defendant PERS is **GRANTED**. In the event resolution of the motion to dismiss does not end PERS' involvement in this case, an amended discovery plan or joint status report must be filed within 14 days of the issuance of such order.

IT IS SO ORDERED.

Dated: January 28, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Discovery will proceed with respect to Defendant Las Vegas Metropolitan Police Department. *Cf. White v. Am. Tobacco Co.*, 125 F.R.D. 508, 510 (D. Nev. 1989). The Court is not persuaded that allowing that discovery to proceed is unduly burdensome on Plaintiffs. *But see* Docket No. 17 at 2. To that end, the Court is entering a scheduling order concurrently herewith.

[2] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to dismiss in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the motion to dismiss and subsequent briefing.