UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JEFF CORBETT, *et al.*,<br><br>                                    Plaintiffs,<br><br>        v.<br><br>PUBLIC EMPLOYEES' RETIREMENT SYSTEM, EX REL. STATE OF NEVADA; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; and DOES I-X, inclusive,<br><br>                                    Defendants. | Case No. 2:20-cv-02149-KJD-NJK<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant Public Employees' Retirement System's ("PERS") Motion to Dismiss (ECF #9). Defendant Las Vegas Metropolitan Police Department ("Metro") filed a notice of non-opposition (ECF #14). Plaintiffs responded in opposition (ECF #16) and PERS replied (ECF #18).

I.      Factual and Procedural Background

Plaintiffs allege that Defendants PERS and Metro have failed to contribute and pay out the proper amount of retirement benefits. Plaintiffs are employees or retirees from Metro and have worked as canine handlers for periods ranging between 14 and 20 years. (ECF #1-2, at 3). Canine handlers are required to be on call 24 hours per day and ready to be on the road within 30 minutes of a call. Id. at 4. They also routinely work varying hours, shifts, and overtime and accept responsibility for the complete care, control, custody, and actions of police service dogs. Id. A canine handler's shift is defined as the span of hours during which an individual is assigned to work. Id. Plaintiffs allege that they are assigned to work 24 hours per day and 365 days per year. Id. Canine handlers are paid for either 10 or 15 hours per pay period depending on the number of dogs they are assigned. Id. Plaintiffs refer to this pay as Canine Pay. Id. Plaintiffs

1    allege that they work more than the number of hours allotted per pay period. Id.

2         Plaintiffs are enrolled in the PERS Police and Firefighters' Retirement Fund. Id.

3    According to Plaintiffs, PERS has wrongfully withheld pay from Plaintiffs' pension calculations

4    and benefits and Metro has failed to pay contributions to PERS. Id. at 5. As such, Plaintiffs

5    brought claims for unpaid pension contributions, unpaid overtime, breach of contract, breach of

6    fiduciary duty, breach of statutory duty, negligence, unjust enrichment, and unpaid wages. Id. at

7    3–12. Plaintiffs seek liquidated damages, attorney fees, a declaratory judgment of their rights and

8    obligations, injunctive relief, and to compel PERS to audit Metro to determine what benefits

9    have been paid out. Id. at 10–14. Defendant Metro answered the complaint and filed a notice of

10   non-opposition to PERS' motion to dismiss. (ECF #14).

11        II.    Legal Standard

12        Under Rule 8, a pleading must contain "a short and plain statement of the claim showing

13   that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint does not require

14   "detailed factual allegations," but "requires more than labels and conclusions, and a formulaic

15   recitation of the elements of a cause of action will not do." Bell Atlantic Co. v. Twombly, 550

16   U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient

17   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

18   v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). A complaint does not

19   suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting

20   Twombly, 550 U.S. at 557). All "[f]actual allegations must be enough to raise a right to relief

21   above the speculative level." Twombly, 550 U.S. at 555. While the court "must take all of the

22   factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion

23   couched as a factual allegation.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

24   "When the claims in a complaint have not crossed the line from conceivable to plausible, the

25   complaint must be dismissed." Hendon v. Geico Ins. Agency, 377 F.Supp.3d 1194, 1196 (D.

26   Nev. 2019).

27        III.   Analysis

28        Plaintiffs' complaint stems from a wage dispute with Metro. PERS argues that it cannot

1    be held liable for Metro's conduct or wage disputes arising from an employment contract

2    because it merely collects contributions made by employers. Plaintiffs argue that PERS must be

3    held liable for its conduct that the complaint alleges was improper regardless of the dispute with

4    Metro. Plaintiffs' response to PERS' motion to dismiss points out two causes of action that

5    include specific allegations that PERS acted improperly. In the first claim, Plaintiffs allege that

6    PERS wrongfully withheld benefits from Plaintiffs or made improper benefit calculations. In the

7    fourth claim, Plaintiffs allege that PERS supplied Plaintiffs with a Summary Plan Description

8    ("SPD"), the SPD created a contract between Plaintiffs and PERS, and PERS is liable for the

9    promises made in the contract. While the response focuses on these two claims, the complaint

10   names PERS in multiple causes of action. Having reviewed the complaint and motion, the Court

11   will grant PERS' motion to dismiss because it agrees that PERS cannot be liable for relying on

12   the information provided by Plaintiffs' employers and because Plaintiffs have failed to allege

13   facts to support their claims against PERS.

14         The first claim is for unpaid pension contributions and benefits. The complaint details the

15   wages canine handlers earn and alleges that Plaintiffs are entitled to more pay. The only

16   allegation against PERS is that it "has wrongly withheld Canine Pay from [Plaintiffs'] pension

17   calculations and benefits." (ECF #1-2, at 6). There are no facts alleged to support the allegation.

18   Plaintiffs do not explain how much was withheld, when the wrongdoing occurred, or how PERS

19   miscalculated the benefits after Metro supplied its contributions. The complaint focuses on

20   Metro's failure to pay a proper wage, which resulted in fewer benefits. If Plaintiffs are right and

21   Metro did not pay proper wages, PERS is not liable because it is not responsible "for inaccurate

22   or misleading information provided by an officer or employee or a participating public employer

23   or any other person." NEV. REV. STAT. §286.288. Unless Plaintiffs can allege facts to support the

24   claim that PERS wrongfully withheld or miscalculated benefits, the claim cannot survive.

25         Plaintiffs' fourth claim fails for the same reason. Plaintiffs allege that the SPD that PERS

26   provided to Plaintiffs is a contract and that PERS breached said contract. The SPD is not

27   included with the complaint, but Plaintiffs allege that the SPD states that benefit calculations

28   include average compensation of the thirty-six highest consecutive months of compensation.

- 3 -

1    Because PERS did not include Canine Pay in the calculation of benefits, Plaintiffs allege that

2    PERS breached its contract. Again, Plaintiffs do not allege facts supporting the claim. Instead,

3    they allege that Metro did not pay them properly, and because they were not paid properly by

4    Metro, PERS did not distribute sufficient retirement benefits. There is no allegation that Metro

5    supplied correct information that PERS ignored or that PERS intentionally withheld benefits in

6    breach of the contract. PERS is not responsible for inaccurate information provided by

7    employers. NEV. REV. STAT. §286.288. If Metro failed to pay Plaintiffs according to their

8    contract, PERS is not responsible. Because a complaint does not suffice if it tenders naked

9    assertions devoid of further factual enhancement, these claims against PERS are dismissed.

10   Iqbal, 556 U.S. at 678.

11        The fifth claim is for breach of a fiduciary duty against all defendants. Plaintiffs allege

12   that PERS ignored or failed to recognize that Canine Pay is made without regard to actual hours

13   worked and that it failed to properly audit Metro. PERS argues again that it cannot be

14   responsible for the inaccurate reporting from employers. Plaintiffs argue that dismissing this

15   claim would require the Court to assume that Metro failed to accurately report the information,

16   and such assumptions are inappropriate when ruling on a motion to dismiss. However, the vast

17   majority of the complaint focuses on Metro's failure to compensate Plaintiffs for time worked.

18   Metro has the responsibility as Plaintiffs' employer to contribute the proper amount to PERS.

19   Plaintiffs have not alleged facts to support the allegation that PERS ignored improper

20   contributions, why it should be liable for such inaccurate contributions when Nevada statutes

21   state otherwise, or why it had a duty or reason to audit Metro. As such, this claim against PERS

22   is dismissed. The sixth and eighth claims against PERS are dismissed for the same reason.

23        Plaintiffs' tenth claim is for unjust enrichment. Plaintiffs recognize in their response that

24   if PERS withheld money that should have been paid out to Plaintiffs then they would be unjustly

25   enriched. If they did not withhold money, then there is no unjust enrichment. Plaintiffs state that

26   discovery is required to determine if PERS was unjustly enriched. Again, this claim stems from

27   Plaintiffs' dispute with Metro regarding their pay. Plaintiffs have not alleged facts to support this

28   claim and their strategy to use discovery to find out if PERS was unjustly enriched does not meet

1  the Iqbal/Twombly pleading standard. Plaintiffs claim "that [they] should be permitted discovery

2  to find facts showing that [defendants] are in someway liable . . . [but] Iqbal and Twombly

3  prohibit such fishing expeditions." Valenzuela v. Culinary Training Academy, No. 2:10-cv-

4  02012-RLH-PAL, 2011 WL 2609861, at *3 (D. Nev. June 29, 2011).

5         Plaintiffs have a duty to plead facts sufficient to permit the court to infer more than the

6  mere possibility of misconduct. Id. "When the claims in a complaint have not crossed the line

7  from conceivable to plausible, [a] plaintiff's complaint must be dismissed." Id. Plaintiffs'

8  complaint has not alleged facts to cross the line from conceivable to probable. The action is a

9  wage dispute with Metro and if Plaintiffs discover facts to support a claim against PERS, they

10  may seek leave to amend their complaint and provide the proper supporting factual allegations.

11  Id. However, as pled, the claims against PERS are dismissed.

12         IV.    Conclusion

13         Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF #9)

14  is **GRANTED**.

15  Dated this 9th day of September, 2021.

16

17                                              _____
                                                Kent J. Dawson
18                                              United States District Judge

19

20

21

22

23

24

25

26

27

28