UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEFF CORBETT, et al.,<br><br>                    Plaintiffs,<br><br>   v.<br><br>PUBLIC EMPLOYEES' RETIREMENT SYSTEM, et al.,<br><br>                    Defendants. | Case No. 2:20-cv-02149-KJD-NJK<br><br>**ORDER** |

Presently before the Court is the parties' Joint Motion Requesting Order Approving Settlement of Plaintiffs' Fair Labor Standards Act ("FLSA") Claims (#51). For the reasons stated below, the parties' motion is denied without prejudice.

I.      Factual and Procedural Background

This is a civil action brought by Plaintiffs, alleging Defendants Las Vegas Metropolitan Police Department ("Metro") and Public Employees' Retirement System ("PERS") failed to contribute and pay out the proper amount of retirement benefits. (#1-2). As such, Plaintiffs brought the following 15 claims against Defendants: (1) Unpaid Pension Contributions/Benefits; (2) Unpaid Overtime; (3) Assignment Differential Pay; (4) Breach of Contract; (5) Breach of Fiduciary Duty; (6) Breach of Statutory Duty; (7) Compel Audit; (8) Negligence; (9) Unjust Enrichment; (10) Unjust Enrichment; (11) Unpaid Wages; (12) Liquidated Damages; (13) Attorney Fees; (14) Declaratory Judgment; and (15) Injunctive Relief.[1] Id.

At the onset of litigation, PERS filed a motion to dismiss, arguing that Plaintiffs failed to allege facts to support their claims against them. (#9). After having reviewed the Amended Complaint and Motion to Dismiss, the Court dismissed all claims against PERS, leaving only Claims 1-3, 5-6, 8-9, and 11-15 against Metro. (#27). Subsequently, Metro filed a motion for summary judgment, arguing that there are no triable issues of material fact, and thus, Metro is

---

[1] Plaintiffs filed Claims 4, 7, and 10 against PERS only, Claims 2-3, 9, and 11-13 against Metro only, and Claims 1, 5-6, 8, and 14-15 against both PERS and Metro. In addition, Claims 9 and 10 each represent a separate claim of unjust enrichment.

entitled to judgment as a matter of law. (#34). After reviewing all 12 claims, the Court granted Metro summary judgment on all but one claim, Plaintiffs' claims for overtime under the FLSA and Nevada state law. (#43, at 5-13). Following the Court's Order, the parties entered into an agreement, in the amount of $100,000, to settle all remaining claims. (See #51-1). The parties now seek the Court's approval of their settlement agreement. (See #51).

II.     Analysis

In seeking approval of Metro's settlement, the parties point out that they are "not aware of any binding law requiring court approval of FLSA settlements," leaving the issue unresolved. Id. at 2-3. Nevertheless, acting out of an abundance of caution, the parties jointly request the Court's approval. Id. at 3. Before examining the terms of the proposed settlement, the Court takes a moment to address the unanswered question of whether its review is even necessary in this instance.[2]

Although the Ninth Circuit has never established precedent on this question, it has provided a single unpublished disposition addressing it. See Seminiano v. Xyris Enter., Inc., 602 F. App'x 682, 683 (9th Cir. 2015). In Seminiano, the Ninth Circuit held that "FLSA claims may not be settled without approval of either the Secretary of Labor or a district court." Id. at 683. While unpublished dispositions and orders of the Ninth Circuit are not precedent, several courts in the District of Nevada have found Seminiano to be persuasive when addressing proposed settlements

---

[2] Pursuant to Section 216(b) of the FLSA, a suit may be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). "A suit brought on behalf of other employees is known as a 'collective action.'" Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 69 (2013). "Under section 216(b), workers have a right to bring or join a collective action, and may create the collective action of their own accord by filing opt-in forms." Campbell v. City of Los Angeles, 903 F.3d 1090, 1101–02 (9th Cir. 2018) (quotations omitted). While not required for the existence of a collective action, the plaintiffs may move for preliminary certification of the collection action, contending that they have at least facially satisfied the "similarly situated" requirement. See id. at 1100. "The sole consequence of conditional certification is the sending of court-approved written notice to employees who in turn become parties to a collective action only by filing written consent with the court." Genesis Healthcare Corp., 569 U.S. at 75 (citation omitted). In the context of this matter, the Court's analysis focuses on whether individual actions, not collective actions, require judicial approval of FLSA settlements. However, because certification in the FLSA context does not produce a class with an independent legal status, the Court assumes, without deciding, that collective actions also do not require judicial approval of FLSA settlements. Cf. Campbell, 903 F.3d at 1001 (describing how collective actions and class actions are creatures of distinct texts that impose distinct requirements).

concerning FLSA claims. See Gamble v. Boyd Gaming Corp., No. 2:13-CV-01009-JCM-PAL, 2017 WL 721244, at *3 (D. Nev. Feb. 23, 2017); Amsel v. Gerrard, No. 2:16-CV-00999-RFB-EJY, 2023 WL 2561153, at *2 (D. Nev. Mar. 17, 2023); Daniels v. Aria Resort & Casino, LLC, No. 2:20-CV-00453-GMN-DJA, 2023 WL 2634613, at *1 (D. Nev. Mar. 23, 2023).[3] Furthermore, these courts find additional support from the Eleventh Circuit's decision in Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1355 (11th Cir. 1982). In Lynn's Food Stores, Inc., the Eleventh Circuit held that "[w]hen employees bring a private action for back wages under [Section 216(b) of the FLSA], and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353. The Eleventh Circuit went on to hold that "[i]f a settlement . . . does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; . . . the district court [can] approve the settlement in order to promote the policy of encouraging settlement of litigation. Id. at 1354.

Importantly, a neighboring court diverged from this perspective by asserting that judicial approval is not required for settling individual FLSA claims. See Evans v. Centurion Managed Care of Arizona LLC, No. CV-23-00282-PHX-DWL, 2023 WL 5095201, at *1 (D. Ariz. Aug. 9, 2023) ("[A]lthough the Court has previously engaged in the process of approving settlements in individual FLSA actions, it now joins the growing number of courts that have concluded that judicial approval is neither authorized nor necessary in this circumstance.") (collecting cases). In reaching this conclusion, Evans contends that neither Federal Rule of Civil Procedure 41(a)(1)(A) nor the statutory text suggests a requirement for judicial approval of FLSA settlement agreements. See id. at *2-4. Evans further argues that, even when courts consider the unique policy considerations underlying the FLSA as the basis for requiring judicial approval, policy considerations cannot override the text of a statute. Id. at *5. Having reviewed the analysis conducted in Evans, this Court arrives at the same conclusion: judicial approval is not required

---

[3] While all three District of Nevada cases appear to involve collective actions, none of them reach the question of whether judicial approval is actually required; instead, the courts simply assume it is based on application of Seminiano and Lynn's Food Stores, Inc.

1  for settling FLSA claims. However, without simply reiterating completed work, the Court finds it
2  prudent to engage in its own judicial analysis on some of the strongest, albeit not all, points
3  raised by Evans. Therefore, the Court begins with an examination of the applicable texts—
4  Federal Rule of Civil Procedure 41(a)(1)(A) and 29 U.S.C. § 216.
5     Pursuant to Rule 41(a), and "[s]ubject to Rules 23(e), 23.1(c), 23.2, and 66 and any
6  applicable federal statute, the plaintiff may dismiss an action without a court order by filing" a
7  notice or stipulation of dismissal. Fed. R. Civ. P. 41(a)(1)(A). As Rule 41(a) is bound by Rules
8  23(e), 23.1(c), 23.2, and 66, which govern class actions, derivative actions, actions relating to
9  unincorporated associations, and receivers, it becomes evident that certain fact patterns could
10 necessitate judicial approval of a settlement involving a FLSA claim. For instance, in a properly
11 certified class action involving a FLSA claim, the certified class would need to seek "the court's
12 approval" if the class wanted to settle or dismiss its claim. See Fed. R. Civ. P. 23(e). But this
13 case does not involve Rule 23 or any of the others listed. Hence, in the context of the current
14 matter, the only remaining limitation on the dismissal power under Rule 41(a) is the phrase "any
15 applicable federal statute," which raises the question of whether the FLSA falls within that
16 language. The Court finds it does not. See 29 U.S.C. § 216.
17    In determining whether the FLSA authorizes judicial approval, the operative text is Section
18 216, the FLSA's penalties provision. E.g, Lynn's Food Stores, Inc., 679 F.2d at 1352-53 (citing
19 §§ 216(b) and 216(c)). But nothing in this section suggests that a court must approve a FLSA
20 settlement. See 29 U.S.C. § 216. As pointed out by the court in Askew v. Inter-Cont'l Hotels
21 Corp., the only portion relevant to judicial authority, found in Section 216(b), concerns awarding
22 fees and costs, not approving settlements. See 620 F. Supp. 3d 635, 638 (W.D. Ky. 2022);
23 29 U.S.C. § 216 ("The court in such an action shall, in addition to any judgment awarded to
24 plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of
25 the action."). Courts should "not lightly assume that Congress has omitted from its adopted text
26 requirements that it nonetheless intends to apply," especially "when Congress has shown
27 elsewhere in the same statute that it knows how to make such a requirement manifest." Jama v.
28 Immigr. & Customs Enf't, 543 U.S. 335, 341 (2005). The fact that Congress included language

allowing judicial approval for attorney's fees and costs but did not include language regarding judicial approval of settlements, indicates that Congress did not intend to require district courts to approve FLSA settlements. See Alcantara v. Duran Landscaping, Inc., No. 2:21-CV-03947-JDW, 2022 WL 2703610, at *2 (E.D. Pa. July 12, 2022) (drawing an analogous argument by analyzing statutes where Congress included language that required court approval of a settlement). As it stands today, the Court concludes that Rule 41(a)(1)(A) and FLSA's text do not require judicial approval of individual FLSA settlements, and in doing so, it joins the growing number of courts which hold the same.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that the parties' Joint Motion Requesting Order Approving Settlement of Plaintiffs' FLSA Claims (#51) is **DENIED** without prejudice. Within thirty (30) days of the issuance of this order, the parties shall file one of the following: (1) a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii) or (2) a status report otherwise informing the Court as to the status of this action.

Dated this 9th day of February 2024.

_____
Kent J. Dawson
United States District Judge